IN UNITED STATES DISTRICT COURT IN THE EASTERN DISTRICT
STATE OF OKLAHOMA

| | | |
|---|---|---|
| (1) PROCTOR ANDREW YOUNG, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CASE NO. 14-CV-465-RAW |
| vs. | ) | |
| | ) | |
| (1) CITY OF IDABEL., | ) | ATTORNEY LIEN CLAIMED |
| (2) MAYOR TINA FOSHEE-THOMAS, | ) | JURY TRIAL DEMANDED |
| in her Official and Individual Capacities, | ) | |
| | ) | |
|     Defendants. | ) | |

## AMENDED COMPLAINT

COMES NOW the plaintiff, Proctor Andrew Young, through his attorneys of record, bring this action against the defendants, The City of Idabel and Mayor of Idabel, Tina Foshee-Thomas, for violations of his constitutionally protected rights arising out of his employment and termination by said defendants.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of McCurtain County, Oklahoma.

2. Defendant City of Idabel was Plaintiff's employer and regularly employees greater than fifteen employees and lies within the Eastern District of Oklahoma.

3. Defendant Tina Foshee-Thomas is the Mayor of Idabel, Oklahoma and employed the Plaintiff. Defendant Tina Foshee-Thomas regularly employs more than fifteen employees and is a resident of McCurtain County, Oklahoma, which lies in the Eastern District of Oklahoma.

4. The incidents and occurrences which form the basis of Plaintiff's action occurred in McCurtain County.

1

5. This Court has jurisdiction and venue is proper in the Eastern District of Oklahoma.

6. Plaintiff filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC"). A Notice of Right to Sue was received by each Plaintiff on or about July 23, 2014, and this Complaint has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, Plaintiff has complied fully with all prerequisites in this Court under Title VII.

7. Compensatory damages are sought pursuant to 42 U.S.C. § 2000e, et seq. and 42 U.S.C. § 1981.

8. Punitive damages are sought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

9. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e, et seq.

### FACTS COMMON TO ALL CLAIMS

10. Plaintiff is an African-American male.

11. Plaintiff was an employee of Defendants until his termination in December 2012. Plaintiff was employed as the Fire Chief at the time of his termination from employment.

12. The Plaintiff worked as a volunteer fire fighter for the City of Idabel since 1997 and was promoted to Fire Chief in 2008.

13. In May 2012, Defendant Tina Foshee-Thomas became the Mayor of the City of Idabel and as such, became Plaintiff's supervisor.

14. The Plaintiff always experienced disparate treatment from Union members as a result of his race during his employment as Fire Chief but it was not until Defendant Foshee-Thomas became Mayor that he began experiencing race discrimination from his supervisor.

15. Almost immediately after Defendant Foshee-Thomas became Mayor, the Plaintiff was

excluded from meetings he previously attended regularly and he was excluded from normal duties he was usually a part of such as negotiating policy-making within the Idabel Fire Department (IFD).

16. The Plaintiff hired a female fire fighter. Defendant Foshee-Thomas opposed the Plaintiff's decision to hire a female simply because of her gender.

17. Defendant Foshee-Thomas would constantly undermine the Plaintiff's authority with his staff and with the public. She would not speak to the Plaintiff and instead have Plaintiff's staff give him messages from her.

18. Defendant Foshee-Thomas began questioning the Plaintiff's use of leave available to him and began nit-picking at his performance in an effort to find reasons to terminate him.

19. Defendant Foshee-Thomas wrongfully accused the Plaintiff of embezzlement of Idabel Fire Department funds and terminated his employment and then subsequently caused criminal charges to be filed against the Plaintiff.

20. Defendant Foshee-Thomas subjected the Plaintiff to a racially hostile work environment as a result of her treatment of him.

21. Defendant Foshee-Thomas terminated the Plaintiff because of his race and retaliated against him for hiring a female.

22. On October 9 2013, an indictment was filed against the Plaintiff in McCurtain County, Oklahoma, alleging seven (7) felony counts of Making a False, Fictitious or Fraudulent Claim based on various assertions that the Plaintiff had fraudulently completed time sheets and reported working set shifts when he was also spending time refereeing assorted sporting events.

23. In fact, the McCurtain County Court found that the evidence had established that the Plaintiff was (1) in charge of the Fire Department, (2) had authority to modify his own schedule, (3) excluded from strict 24 hour shifts, (4) the Plaintiff was not required to record actual times on time sheets, (5) permission was given to work as referee, (6) his time sheets do not show actual times only total hours worked, and (7) he set his own work schedule. As recognized by the Court, these facts patently demonstrate the pretense of the charges brought by the State against the Plaintiff and support a claim for malicious prosecution.

24. As Mayor, Defendant Foshee-Thomas was well aware of the parameters of the Plaintiff's obligations and responsibilities, including those set forth in Paragraph 23, yet lobbied the District Attorney to prosecute the Plaintiff for seven unfounded counts of Making a False, Fictitious or Fraudulent Claim based on assertions that the Plaintiff had fraudulently completed time sheets and reported working set shifts when he was also spending time refereeing assorted sporting events. In truth, Defendant Foshee-Thomas knew that such assertions were false, and either concealed or omitted this fact from the District Attorney. These lies and/or omissions by the Defendant became an inseparable basis for the charges against the Plaintiff and the District Attorney's decision to proceed to trial.

25. On November 1, 2013, the District Attorney of McCurtain County, Mark A. Matloff, filed an Information for the same seven (7) felony counts of Making a False, Fictitious or Fraudulent Claim.

26. On April 10, 2014, the Plaintiff filed a Motion to Quash Information and Brief in Support, which fully detailed the complete lack of evidentiary support for the State's case. On June 23, 2014, Special Judge John DeWitt entered an order quashing five (5) of the charges against the Plaintiff in their entirety, and portions of the two remaining counts. The Court's Order held that there was a lack of evidence to believe a crime was

committed and a lack of probable cause to believe the Defendant committed the crimes that were dismissed. The Plaintiff was then held for trial on the two (2) remaining charges ("Counts 4 and 6").

27. On July 7, 2014, in compliance with the Court's June 24, 2014 Order, the State filed an Amended Information against the Plaintiff for Counts 4 and 6.

28. Also on July 7, 2014, the Plaintiff filed another Motion to Quash Information and Brief in Support, which clearly outlined the deficiencies in the State's case regarding Counts 4 and 6 and the complete lack of evidentiary support and probable cause as to these charges.

29. After initially overruling the Plaintiff's second Motion to Quash on May 8, 2015, the parties agreed that the Motion should be reconsidered by the Court once the State stipulated that its evidence at trial would not improve.

30. As such, the Court sustained the Plaintiff's Motion to Quash and dismissed the remaining charges against the Plaintiff on July 31, 2015 after reviewing the Plaintiff's Motion without the legal presumption that the State's case would improve at trial, and found that the State could not meet the "reasonable doubt" standard. Specifically, the Court held that:

> The State has the burden to present evidence of the Defendant's guilt. That evidence must be such that reasonable minds <u>could</u> conclude "beyond a reasonable doubt" that the offenses as alleged in the remaining two counts were committed by the Defendant. The evidence leaves the Court to guess what the real agreement was and when the Defendant might have violated that agreement. The evidence presented by the State failed to prove that the Defendant failed to work the hours that he turned in claims for. Once again the trier of fact is left to guess and speculate on the material elements of the offense. This is clearly "not beyond a reasonable doubt." The evidence is insufficient when the "reasonable doubt" standard is applied.

## FIRST CLAIM FOR RELIEF
## DISCRIMINATION BASED ON RACE (TITLE VII)
**(As to Defendant City of Idabel and Defendant Foshee-Thomas in her Official Capacity)**

31. Plaintiff incorporates as if re-alleged the preceding paragraphs.

32. By terminating the Plaintiff and treating him different than similarly situated Caucasian employees, the Defendants have violated Title VII of the Civil Rights Act of 1964.

    WHERFORE, Plaintiff prays for judgment against the Defendants for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
    d. His attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## 42 U.S.C. § 1981 & 42 U.S.C. § 1983
**(As to all Defendants)**

33. Plaintiff incorporates as if re-alleged the preceding paragraphs.

34. By terminating the Plaintiff and treating him different than similarly situated Caucasian employees, the Defendants have violated 42 U.S.C. § 1981 for which Plaintiff seeks redress under 42 U.S.C. § 1983 (which Plaintiff acknowledges, provides the sole remedy for violation of § 1981).

    WHERFORE, Plaintiff prays for judgment against the Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
    d. His attorney fees and the costs and expenses of this action;
    e. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## HOSTILE WORK ENVIRONMENT (TITLE VII)
**(As to Defendant City of Idabel and Defendant Foshee-Thomas in her Official Capacity)**

35.   Plaintiff incorporates as if re-alleged the preceding paragraphs.

36.   The conduct and attitude of Plaintiff's supervisor toward Plaintiff combined with the institution of criminal charges against the Plaintiff based on his race were so severe and pervasive that they altered the conditions of employment and created a hostile working environment.

37.   By subjecting Plaintiff to a hostile work environment and failing to ensure a non-hostile work environment, the Defendants have violated Title VII of the Civil Rights Act of 1964.

WHERFORE, Plaintiff prays for judgment against the Defendants for:

   a. Back pay and lost benefits; front pay until normal retirement
   b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
   c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
   d. His attorney fees and the costs and expenses of this action;
   e. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
## RETALIATION (TITLE VII)
**(As to Defendant City of Idabel and Defendant Foshee-Thomas in her Official Capacity)**

38.   Plaintiff incorporates as if re-alleged the preceding paragraphs.

39.   Plaintiff engaged in protected activity when he hired a female fire fighter and chose to stand by his decision after Defendant Foshee-Thomas opposed the decision based on the new hire's gender.

40.   By terminating Plaintiff's employment in retaliation for his hiring decision, Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a).

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d. His attorney fees and the costs and expenses of this action;
e. Such other relief as the Court deems just and equitable.

### FIFTH CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C § 1983 ACTING UNDER COLOR OF LAW
### (As to all Defendants)

41. Plaintiff incorporates the preceding paragraphs as if re-alleged.

42. There is an affirmative link between the aforementioned acts and/or omissions of Defendant in discriminating against Plaintiff by treating him differently than his Caucasian counterparts because of his race, subjecting him to a hostile work environment and terminating his employment, and the policies, practices and/or customs, which Defendant Foshee-Thomas promulgated, created, implemented and/or possessed responsibility for.

43. Such policies, practices and/or customs include, but are not limited to: the failure to ensure African American employees are not treated in a discriminatory manner or subjected to a racially hostile work environment and terminated, failure to address and rectify instances in which the Defendants were made aware of discrimination, and engaging in acts against the Plaintiff so to cause him harm because of his race, such as making false accusations and precipitating criminal charges being filed against the Plaintiff.

44. Defendant Foshee-Thomas knew and/or it was obvious that the failure to enforce the aforementioned polices, practices and/or customs posed an excessive risk of

8

discrimination against employees like Plaintiff.

45. Defendant Foshee-Thomas, through her continued encouragement, ratification, and approval of the aforementioned policies, practices, and/or customs, in spite of their known and/or obvious tendencies to promote discrimination, has discriminated against Plaintiff based on his race by treating him disparately and terminating his employment and making false accusations in order to have criminal charges brought against the Plaintiff.

46. Plaintiff contends that Defendant Foshee-Thomas was aware of widespread complaints of African Americans regarding hostile work environment and difference in treatment on the basis of race, like those of Plaintiff. Defendant Foshee-Thomas was further aware that her subordinates, supervisors of the Sheriff's department, failed to remedy the discrimination and hostile work environment. Plaintiff even brought his complaints of race discrimination directly to Defendant Foshee-Thomas, who intentionally and purposefully ratified the discrimination by her conscious failure to address the issues raised by Plaintiff. As such, Defendant Foshee-Thomas herself, intentionally failed to remedy the difference in treatment on the basis of race and even perpetuated this hostility toward the Plaintiff.

47. Plaintiff contends that at all times relevant to this complaint, Defendant Foshee- Thomas acted under color and pretense of law, to wit: under color of statutes, ordinances of the McCurtain County, custom and usages of the State of Oklahoma to deprive Plaintiff of the rights, privileges and immunities guaranteed to him in the Constitution of the United States and the laws of the United States and the State of Oklahoma.

48. Plaintiff contends that Defendant Foshee-Thomas imposed unlawful hiring and equal

employment practices based on race intentionally or through reckless indifference.

49. The policies and practices of racial discrimination and harassment adopted, ratified, perpetuated or otherwise sanctioned by Defendant Foshee-Thomas, have deprived Plaintiff of equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States.

50. The conduct of Defendant Foshee-Thomas has deprived Plaintiff of his liberty and property interests without due process of the law in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.

51. Plaintiff contends that in so doing, Defendant Foshee-Thomas deprived him of the privileges guaranteed to him by the Constitution of the United States.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a. Back pay and lost benefits; front pay until normal retirement
b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants;
d. His attorney fees and the costs and expenses of this action;
e. Injunctive Relief;
f. Such other relief as the Court deems just and equitable.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND/OR FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION
### (Pursuant to 42 U.S.C. § 1983)

52. Plaintiff incorporates the preceding paragraphs as if re-alleged.

53. Defendants are also liable for the Constitutional tort of malicious prosecution. In particular, as set forth herein: (a) Defendants caused Plaintiff's continued confinement or prosecution; (b) the original criminal action against Plaintiff was terminated in Plaintiff's favor; (c) there was no probable cause to support the original arrest, continued

confinement, or prosecution; (d) Defendants acted with malice (i.e., Defendants intentionally, or with reckless disregard for the truth, falsified, omitted or suppressed evidence); and (e) Plaintiff has sustained damages.

54. Plaintiff's malicious prosecution claim is supported by the fact that the Plaintiff was forced to turn himself in to authorities, go through the booking process, have his picture taken and published in a mug shot magazine, and spend nearly *two years* of his life waiting for a criminal trial on *seven* entirely baseless charges for Making a False, Fictitious or Fraudulent Claim, which were eventually dismissed for lack of evidence and lack of probable cause.

55. Additionally supporting the Plaintiff's claim, the charges brought against the Plaintiff were purportedly based on various assertions that the Plaintiff had fraudulently completed time sheets and reported working set shifts when he was also spending time refereeing assorted sporting events, however the McCurtain County Court found that evidence had established that the Plaintiff was (1) in charge of the Fire Department, (2) had authority to modify his own schedule, (3) excluded from strict 24 hour shifts, (4) the Plaintiff was not required to record actual times on time sheets, (5) permission was given to work as referee, (6) his time sheets do not show actual times only total hours worked, and (7) he set his own work schedule. As recognized by the Court, these facts patently demonstrate the absolute pretense and malicious intent behind the charges brought against the Plaintiff.

56. Further, Defendant Mayor Foshee-Thomas was aware of the facts set forth in Paragraphs 23 and 55, yet concealed or omitted this information from the District Attorney while simultaneously lobbying for the prosecution of the Plaintiff on baseless charges. These lies and/or omissions by the Defendant "became an inseparable basis" for the charges against the Plaintiff and the District Attorney's decision to proceed to trial.

57.   This malicious prosecution was a proximate cause of Plaintiff's economic and personal losses, emotional distress, pain and suffering, and the damages as alleged herein.

### SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

58.   Plaintiff incorporates as if re-alleged the preceding paragraphs.

59.   The Defendants' actions of intentional and malicious discrimination and retaliation are extreme and outrageous and have caused severe emotional and psychological damage to the Plaintiff.

60.   The Defendants intentionally or recklessly caused severe emotional distress to Plaintiff beyond which a reasonable person could be expected to endure.

WHEREFORE, Plaintiff prays for judgment against the Defendants for:

a.   Back pay and lost benefits; front pay until normal retirement
b.   Compensatory damages for his mental anguish, pain and suffering and other non-pecuniary losses;
c.   Punitive damages for the intentional and knowing acts of discrimination committed by the Defendant's management and executives;
d.   His attorney fees and the costs and expenses of this action;
e.   Such other relief as the Court deems just and equitable

Respectfully submitted,

/s/ Daniel E. Smolen
Daniel E. Smolen, OBA# 19943
SMOLEN, SMOLEN & ROYTMAN, PLLC
701 S. Cincinnati Ave.,
Tulsa, OK 74119
P: (918) 585-2667
F: (918) 585-2669
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

      I certify that on September 22, 2015, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Sean M. McKelvey
Mark E. Fields

                                              /s/ Daniel E. Smolen_____