IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PROCTOR ANDREW YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-465-RAW |
| | ) | |
| CITY OF IDABEL; | ) | |
| MAYOR TINA FOSHEE-THOMAS, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

Before the court is the motion of the defendant Tina Foshee-Thomas ("Foshee-Thomas") for summary judgment. Plaintiff alleges various claims arising out of his employment and termination as Fire Chief of the City of Idabel ("Idabel"). Defendant Foshee-Thomas was mayor of Idabel during the pertinent time period.[1]

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact" and "the movant is entitled to a judgment as a matter of law." Rule 56(a) F.R.Cv.P. The court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *See EEOC v. Abercrombie & Fitch Stores, Inc.,* 731 F.3d 1106, 1116 (10th Cir.2013). The party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials

---

[1] The court incorporates by reference the companion order ruling on defendant Idabel's motion for summary judgment. As stated in footnote 1 of that order, plaintiff has sued the mayor in both her official and individual capacities. A suit against the mayor in her official capacity, however, is simply another way of pleading an action against the city. Therefore, this order will address in detail only those claims asserted against Foshee-Thomas in her individual capacity.

of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Schneider v. City of Grand Junction Police Dept.,* 717 F.3d 760, 767 (10th Cir.2013).

Plaintiff's first claim (discriminatory discharge under Title VII) is only asserted against Foshee-Thomas in her official capacity. (Amended Complaint, #36 at page 6 of 13). In the companion order, the court granted Idabel's motion for summary judgment on this claim. Accordingly, summary judgment is appropriate on Foshee-Thomas's behalf in her official capacity.

Plaintiff's second claim is pursuant to 42 U.S.C. §§1981 and 1983 and is evidently asserted against Foshee-Thomas both in her official and individual capacities. The court granted Idabel's motion for summary judgment on the merits and is persuaded the same reasoning supports granting Foshee-Thomas's motion, again both in her official capacity and her individual capacity.

Plaintiff's third claim, for hostile work environment, is asserted against Foshee-Thomas only in her official capacity. Again, the court has granted Idabel's motion for summary judgment as to this claim and therefore necessarily grants it as to Foshee-Thomas in her official capacity.

Plaintiff's next claim alleges malicious prosecution. Such a claim consists of the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted

with malice; and (5) the plaintiff sustained damages. *Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir.2008).

Plaintiff argues that Foshee-Thomas caused his prosecution in that she intentionally, or with reckless disregard for the truth, falsified, omitted or suppressed evidence. The evidence in question appears to be information underlying the purported factual findings made by the district judge of McCurtain County in the order dismissing the final two criminal charges against plaintiff. (#59-5). There, the judge states that "[t]he testimony of the former Mayor and the present Mayor establish that Mr. Young was (1) in charge of the Fire Department, (2) had authority to modify his own schedule, (3) excluded from strict 24 hour shifts, (4) Mr. Young was not required to record actual time on time sheets, (5) permission was given to work as referee, (6) his time sheets do not show actual time only total hours worked, (7) he set his own work schedule."

Essentially, plaintiff's argument is based on *Pierce v. Gilchrist,* 359 F.2d 1279 (10th Cir.2004), where the Tenth Circuit held that a police forensic analyst (i.e., someone who did not file the charges) could nevertheless be sued for malicious prosecution where the plaintiff contended that the analyst withheld exculpatory evidence and fabricated inculpatory evidence. More specifically, the court said plaintiff "bears the heavy burden" of showing that defendant's falsification of inculpatory evidence or suppression of inculpatory evidence was necessary to the initial finding of probable cause and that without the false or withheld evidence, there would have been no probable cause for plaintiff's prosecution. *Id.* at 1295.

3

The court finds plaintiff has failed to meet this heavy burden. For one thing, the district judge states he is applying the reasonable doubt standard in his order. This is not the same as the initial finding of probable cause discussed in *Pierce*. Also, as stated in the companion order dealing with Idabel's motion for summary judgment, the court gives no weight to the purported factual findings in #59-5. The state court order did not result from a contested proceeding, but from a joint motion. Factual findings were not necessary to dismiss the criminal charges if the State had simply dismissed them.

Even giving the factual findings some weight the court finds them insufficient in the present context. First, the district court states they derive from "[t]he testimony of the former Mayor and the present Mayor." The "present Mayor" is defendant Foshee-Thomas, and therefore it is critical to differentiate what information was in her knowledge. This has not been done. Foshee-Thomas did testify that during the investigation she did not relate the district court's "factual findings" to the attorney-investigator (Margaret Love) or the OSBI. (#59-3 at 198.11-17). She also testified, however, that she did not recall those things. (*Id.* at 198-25 – 199.2).[2]

In his affidavit (#51-1) Bruce Willingham (editor of the McCurtain Daily Gazette) states that he learned from a volunteer firefighter of a separate IFD bank account with no

---

[2]To be clear, Foshee-Thomas could not have conveyed "the district court's factual findings" to anyone, of course, because they were generated later. The issue is whether she had knowledge of the underlying information and failed to convey exculpatory information. Plaintiff has not proved that she did.

oversight. He first asked Idabel Police Chief Jim Coffman[3] to request an FBI probe. Willingham then reconsidered and went to the McCurtain County District Attorney. He explicitly states "I never spoke with Mayor Tina Foshee-Thomas before asking for an OSBI investigation." Additionally, "I requested that the entire Department be investigated, not any individual."

In her affidavit (#51-2), Foshee-Thomas says she first became aware of the OSBI investigation when told by Police Chief Coffman. Upon being presented with one of plaintiff's time sheets she had stated that plaintiff "had never been approved to be paid for any hours that he did not actually work." Upon learning that plaintiff allegedly was requesting to be paid for hours that he did not work, she consulted with an attorney who handled employment issues for the city and was advised not to pay him for the hours claimed that the did not work. Most pertinently, "[m]y only involvement in the criminal case was to provide documents when requested and to testify when compelled to do so." Plaintiff has not raised a genuine issue of material fact to the contrary.[4]

At the pretrial conference, the court granted defendant Foshee-Thomas's motion for summary judgment as to plaintiff's claim for intentional infliction of emotional distress against Foshee-Thomas in her individual capacity. The court now memorializes the ruling.

---

[3] Incorrectly called "Idabel Fire Chief" in the affidavit.

[4] In the alternative, the court finds the mayor's actions of providing facts upon which a criminal prosecution was based were essentially those of a private citizen and thus were not performed under color of state law. *See Norton v. Liddel,* 620 F.2d 1375 (10th Cir.1980). No conspiratorial conduct has been proven.

Plaintiff has not demonstrated conduct by Foshee-Thomas "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Roberts v. International Business Machines Corp.,* 733 F.3d 1306, 1311 (10th Cir.2013)(quoting *Breeden v. League Servs. Corp.,* 575 P.2d 1374, 1378 (Okla.1978)).

It is the order of the court that the motion of the defendant Foshee-Thomas for summary judgment (#50) is hereby GRANTED.

**ORDERED THIS 23rd DAY OF FEBRUARY, 2016.**


**Dated this 23rd day of February, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma