```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF OKLAHOMA
```

PROCTOR ANDREW YOUNG,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-14-465-RAW
                                 )
CITY OF IDABEL, and              )
MAYOR TINA FOSHEE-THOMAS,        )
in her Official and Individual   )
Capacities,                      )
                                 )
            Defendants.          )

## O R D E R

This matter comes before the Court on Defendants' Motion to Enforce Order Taxing Costs (Docket Entry #86). United States District Judge Ronald A. White who presides over this case has referred the subject Motion to the undersigned for final disposition.

This civil rights case was originally filed on October 22, 2014. On February 23, 2016, summary judgment was granted in each Defendant's favor. On March 8, 2016, Defendants filed a Bill of Costs reflecting a request to recover $6,986.16 in costs incurred in the defense of this action. On March 23, 2016, Plaintiff appealed the entry of summary judgment against him to the Tenth Circuit Court of Appeals. On March 24, 2016, the Court Clerk entered an Order Taxing Costs in the amount requested in the Bill of Costs in accordance with EDOK LCvR 54.1(d) and 28 U.S.C. § 1920. Plaintiff did not object or otherwise respond to Defendants' Bill of Costs. On January 26, 2018, the Tenth Circuit Court of Appeals

entered an Order and Judgment affirming the granting of Defendants' summary judgment motions. Defendants now request that Plaintiff be directed to pay the assessed costs.

Plaintiff responds that the court may decline to impose costs. He states that he earns approximately $3,000.00 per month after taxes from which he is required to pay his expenses. Plaintiff contends he is left with $10.00 per month after paying expenses and lacks sufficient funds to satisfy the costs.

The prevailing party bears the burden of establishing the amount of costs to which it is entitled. Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002). Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the "non-prevailing party to overcome" the presumption that these costs will be taxed. Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190 (10th Cir. 2004).

In this case, Defendants established to the Clerk of this Court through its Bill of Costs that they were entitled to the costs requested. Plaintiff did not file an objection to the request and, therefore, waived his right to challenge the awarding of costs to Defendants. Fed. R. Civ. P. 54(d)(1); Bloomer v. United Parcel Service, Inc., 337 F.3d 1220, 1221 (10th Cir. 2003)("a party's failure to file a motion for review of costs with the district court within the five-day (now seven day) period constitutes a waiver of the right to challenge the award."). Now,

more than two years after that award was made, Plaintiff as an alternative argument contends the award was unreasonable and "should be significantly reduced." It is simply too late to make this assertion. Indeed, Defendants' Motion is unnecessary as the award of costs has been made, is final, and subject to collection remedies.

Moreover, Plaintiff's assertions of financial hardship are more appropriately made in defense to collection efforts by Defendants for the costs of litigation which have already been properly awarded in Defendants' favor. Additionally, the references by Plaintiff to case authority concerning the awarding of attorney's fees are off point. Fees and the bases for their award are completely different than costs as noted in the manner in which they are awarded in Fed. R. Civ. P. 54 and 28 U.S.C. § 1920. The reference to Cantrell v. Internat'l Broth. of Elec. Workers, AFL-CIO, Local 2021, 69 F.3d 456 (10th Cir. 1995) might have had some relevance if it had been asserted in a proper and timely objection to the Clerk's award. As it stands, an award of costs to Defendants as prevailing parties has been made and remains recoverable by appropriate collection efforts.

IT IS THEREFORE ORDERED that Defendants' Motion to Enforce Order Taxing Costs (Docket Entry #86) is hereby **DENIED** as an inappropriate means to effectuate collection of costs. The award of $6,986.16 in costs to Defendants remains viable, proper, and subject to collection.

IT IS SO ORDERED this 21st day of June, 2018.

*[signature]*
Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma